**Earl E. KOMIE, Plaintiff-Appellee,**

v.

**BUEHLER CORPORATION, an Indiana Corporation, et al., Defendants,**

**Buehler Corporation and James Bechtel, Defendants-Appellants.**

**No. 25921.**

United States Court of Appeals, Ninth Circuit.

Oct. 14, 1971.

Rehearing Denied Nov. 10, 1971.

John H. Westover (argued), of O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., for defendants-appellants.

James J. Leonard, Jr. (argued), Robert G. Begam, Langerman, Begam & Lewis, Phoenix, Ariz., for plaintiff-appellee.

Before ELY and CARTER, Circuit Judges, and JAMESON,* District Judge.

JAMESON, District Judge.

Earl E. Komie, plaintiff-appellee, was injured when a jet powered motor boat in which he was riding collided with a canyon wall in the Colorado River gorge of the Grand Canyon. Komie was a geologist employed by the Bureau of Reclamation, which had arranged an expedi-

*Honorable William J. Jameson, United States Senior Judge, Billings, Montana, sitting by designation.

tion for exhibiting potential dam sites to some of its geologists. The Bureau contracted with the defendant Belknap Photographic Services, Inc., to organize and supervise the expedition, and to furnish the necessary equipment, supplies and services. The supplier of the jet boats was the defendant-appellant Buehler Corporation, which contracted with the Bureau of Reclamation to provide three jet boats and one driver. The driver was the defendant-appellant, James Bechtel.

On June 26, 1965, the defendant Bechtel was piloting a boat known as the Triangle, in which Komie was riding, when it collided with the canyon wall in an area known as the "231 Mile Rapid." Plaintiff brought suit against the Buehler Corporation, Bechtel, Belknap Photographic Services, Inc., and William Belknap, Jr. The action was dismissed without prejudice as to the defendants Belknap Photographic Services, Inc., and William Belknap, Jr., following a settlement, and the case against the remaining defendants Buehler Corporation and Bechtel was tried to the court without a jury.

On June 12, 1969, the court entered an opinion and order holding that the negligence of the defendant Bechtel was the proximate cause of the accident [1] and ordering counsel for the plaintiff to prepare formal findings of fact and conclusions of law. Findings of fact and conclusions of law and a judgment were entered January 8, 1970, and amended findings of fact and conclusions of law and an amended judgment, on February 17, 1970. The amended judgment was for $39,943.86, with interest at 6% per annum from June 12, 1969.[2]

Appellant contend that (1) there was no substantial evidence that Bechtel was negligent; (2) the court abused its discretion in refusing to allow an amendment to deny agency; and (3) the court erred in awarding prejudgment interest in a non-jury case.

## Sufficiency of Evidence

The district court found that the "jet-powered craft being driven by Mr. Bechtel at the time of the collision was powerful and easily maneuverable in fast water;" that Bechtel was "a competent fast-water navigator, experienced in handling jet-powered craft such as the 'Triangle' boat;" and that in the area of the river known as the "231 mile rapid" where the accident occurred, "at the time of the collision * * * this was a mild rapid, a 'riffle,' barely discernible * * *." These findings are not questioned. In contending that there is no substantial evidence that Bechtel was negligent, appellants state in their opening brief that the "crux of this appeal goes to the Court's Amended Findings of Fact Numbered Six and Seven." These findings read:

"6. In this area of the river on June 23, (26) 1965, James Bechtel drove the 'Triangle' Boat too fast, too close to the canyon wall, and then could not maneuver quickly enough to avoid a collision with the canyon wall. Mr. Bechtel could have avoided this collision regardless of any water turbulence present if he had not driven too fast, too close to the canyon wall and maneuvered more quickly to avoid the collision.

"7. There was no sudden surge of water or eddy current which prevented the boat from being turned to the right away from the collision point with the canyon wall, nor was there any current of sufficient magnitude to. push the boat into the canyon wall."

1. The plaintiff had contended that the accident was caused by Bechtel's negligence and also by faulty design of the boat. The court rejected "the plaintiff's claim that the steering apparatus of the boat in which the accident occurred was defective in design."

2. This represented general damages of $40,000 and special damages of $943.86, less $1,000 paid to plaintiff by the "alleged joint tort feasors, Belknap Photographic Services, Inc., and William Belknap, Jr." (Amended Findings of Fact and Conclusions of Law)

■■ There was a sharp conflict in the evidence, and "due weight must be accorded to the trial court's appraisal of the credibility of the witnesses." Molitor v. American President Lines, Ltd., 9 Cir. 1965, 343 F.2d 217, 219. The findings of fact entered by the trial court may not be set aside "unless clearly erroneous." F.R.Civ.P. 52(a). Moreover, "this court must view the evidence in the light most favorable" to the prevailing party, and "such a party must be given the benefit of all inferences that may reasonably be drawn from the evidence." Pacific Queen Fisheries v. Symes, 9 Cir. 1962, 307 F.2d 700, 706.

■ From a review of the record as a whole we are satisfied that the findings of fact entered by the district court are not "clearly erroneous." [3]

### Court's Denial of Motion to Amend

Appellants next contend that the trial court abused its discretion in refusing, without stating a reason, to permit an amendment of the pleadings and pretrial statement to deny Bechtel's agency to Buehler and to make a finding regarding Belknap's control of Bechtel.

In an answer filed October 10, 1966 defendants-appellants admitted the allegation in plaintiff's complaint that the boat named "Triangle" was "operated by Buehler's agent, servant and employee Bechtel." In a pretrial statement filed June 28, 1968, signed by counsel for all parties, under "Uncontested Facts Deemed Material" it was agreed:

"The plaintiff was a passenger in this jet powered boat which was owned by the defendant BUEHLER CORPORATION and operated by the defendant JAMES BECHTEL who was an employee of the defendant BUEHLER CORPORATION acting within the scope of his employment at the time of the collision."

An order entered October 28, 1968 made this statement a part of the record and set the case for trial on June 3, 1969. On December 2, 1968 the defendants Belknap filed a motion for summary judgment, which was denied on March 5, 1969.

On May 12, 1969 the defendants Buehler Corporation and Bechtel filed a motion to amend their answer and pretrial statement to deny that Bechtel was acting within the scope of his employment by Buehler. In answer to this motion filed May 20, 1969 plaintiff asserted that he would be prejudiced by the amendment because he had "agreed to enter into covenant with the defendant BELKNAP PHOTOGRAPHIC SERVICES, INC." and that permission to amend might leave the plaintiff "with a substantial judgment against an uncollectable defendant, Mr. Bechtel."

Following oral argument on May 26, 1969 the motion to amend was denied. On June 2, 1969 pursuant to stipulation of plaintiff and the defendant Belknap an order was entered dismissing the action without prejudice as against the defendants Belknap Photographic Services, Inc., and William Belknap, Jr. The trial against the remaining defendants, the appellants here, began June 5, 1969.

■ Rule 15(a) F.R.Civ.P. provides in pertinent part that "a party may amend his pleading only by leave of court * * *; and leave shall be freely given when justice so requires." It is well established that the allowance or refusal to permit amendment lies in the discretion of the district court and "is not subject to review on appeal except for abuse of discretion * * *." 3 Moore's Federal Practice, para. 15.-08(4). Moore states further: "The more common reasons for denying leave to amend are that the amendment will result in undue prejudice to the other

---

3. We deem it unnecessary to set out in detail the evidence presented by the respective parties. Counsel for both parties have filed careful and well prepared briefs. Both the court's order and the formal findings of fact and conclusions of law show clearly the basis of the court's holding that Bechtel's negligence was the proximate cause of the collision.

party, is unduly delayed, is not offered in good faith, or that the party has had sufficient opportunity to state a claim and has failed." Id. 15.08(4).

Appellants contend that the district court abused its discretion in denying the motion to amend "without stating a reason," relying primarily upon Foman v. Davis, 1962, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222. That case, however, does not require that the district court in all cases expressly state the reason for denying the motion to amend, but recognizes that the "grant or denial of an opportunity to amend is within the discretion of the District Court" and holds that "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." 371 U.S. at 182, 83 S.Ct. at 230.[4]

■ Here there were "justifying" reasons which were readily apparent. The motion was made 31 months after the answer was filed, eleven months after the pretrial statement was signed, and more than six months after the case was set for trial. There had been extensive discovery, none of which had been directed to the question of agency by reason of the admission that Bechtel was Buehler's employee and acting within the scope of his employment. The proposed amendment was not based upon any facts which were not known or readily available to the defendants and their counsel, at least when the pretrial statement was signed. The motion to amend was made just three weeks before the trial date after Komie had agreed to settle with Belknap.

Under these circumstances we cannot say that the district court abused its discretion in denying the motion to amend.

■ Appellants also contend that the employment of Bechtel by Belknap was made an issue by the following portion of the pretrial statement under the heading "Contested Issues of Fact and Law:"

"2. Whether the express contractual undertaking to be responsible for the conduct of the pilot furnished by the BUEHLER CORPORATION renders the defendant BELKNAP PHOTOGRAPHIC SERVICES, INC. liable for the negligent conduct of Mr. Bechtel, assuming there was any such negligent conduct."

This was an issue between plaintiff and the defendant Belknap. It was rendered moot by the settlement and order of dismissal as to Belknap. After the dismissal there was no reason for the district court to make a finding on this issue.

*Prejudgment Interest*

We conclude that there is merit in appellants' contention that interest should be allowed only from the date of judgment. The judgment provides for interest from June 12, 1969, the date of the court's initial opinion and order. In that order the court provided for an award of $40,000 general damages and $880.13 "for medical expenses and such other sums as the parties may agree upon, or such other sums as the Court may determine should be awarded in the findings, conclusions, and judgment yet to be entered."

Subsequently there was controversy over the handling of an offset for Government compensation, the plaintiff contending that the amount which the plaintiff was obligated to pay in reimbursement should be added to the award for general and special damages. In fact counsel submitted a proposed judg-

---

4. The Court said further: "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" 371 U.S. at 182, 83 S.Ct. at 230.

ment in the total amount of $50,716.06. In the findings of fact and conclusions of law dated January 8, 1970, it was determined that the special damages amounted to $943.86 and that plaintiff was not entitled to an additional award in the amount he was obligated to pay the Government. Judgment was entered on January 8, 1970 for $40,943.86 plus interest. The amended judgment entered February 17, 1970 took cognizance of the payment made by Belknap and provided for an award of $39,943.86 with interest from June 12, 1969.

Rule 58, F.R.Civ.P. provides:

> "Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)."

 The court's order of June 12, 1969 clearly was not a judgment. In fact the exact amount to be incorporated in the judgment had not been finally determined.

 "In diversity cases, Federal courts follow state law on the question of interest before judgment." Glens Falls Ins. Co. v. Danville Motors, Inc., 6 Cir. 1964, 333 F.2d 187, 191.[5] In contending that prejudgment interest was properly allowed, appellee relies upon an Arizona statute, A.R.S. § 12–347, which provides that, "The clerk of the court shall include in the judgment entered by him the costs and interest on the verdict from the time it was rendered." We are not concerned, however, with a jury "verdict", in which the amount of the award is fixed.

 There is no Arizona statute governing the award of interest in non-jury cases, and we find no Arizona case precisely in point. In Schwartz v. Schwerin, 1959, 85 Ariz. 242, 336 P.2d 144, an action in quantum meruit for attorney fees, the court pointed out that there was no Arizona statute governing the al-

lowance of interest in a case of that nature and recognized that there were some cases holding that interest could be collected (a) from date of judgment, (b) from commencement of the action, and (c) from date of demand. The court concluded that the "general rule" that on an unliquidated claim interest should be allowed only from the date of judgment was the "soundest" and expressly overruled prior cases to the contrary. 336 P.2d at 149.

We conclude that the same reasoning applies here and that the judgment should be amended to provide for interest from the date of judgment.

The judgment is affirmed except for the allowance of interest from June 12, 1969. The case is remanded for the entry of an amended judgment to provide for interest from January 8, 1970, the date of the judgment.[6] Neither party shall be allowed costs on this appeal.

---

5. See also Klaxon Co. v. Stentor Electric Mfg. Co., 1940, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477.

6. The parties have agreed that the interest from June 12, 1969 to January 8, 1970 amounts to $1,365.00.