Howard SUTHERLAND, Plaintiff-Appellant,

v.

HUDSON WATERWAYS CORP., Defendant-Appellee.

No. 26257.

United States Court of Appeals, Ninth Circuit.

Nov. 1, 1972.

Robert H. Lund, Long Beach, Cal., for plaintiff-appellant.

Francis J. MacLaughlin, of Lillick, McHose, Wheat, Adams & Charles, Los Angeles, Cal., for defendant-appellee.

Before KOELSCH and GOODWIN, Circuit Judges, and PLUMMER, District Judge.*

---

* The Honorable Talbot Smith, United States District Judge, of Michigan, Detroit Division, sitting by designation.

* Honorable Raymond E. Plummer, United States District Judge, District of Alaska, sitting by designation.

PER CURIAM:

Appellant (Sutherland), a marine electrician employed by Seaboard Electric Corp., was injured on or about May 23, 1968, as a result of an accident aboard the S.S. Transoneida. Sutherland brought this action against Hudson Waterways Corp. (Hudson) as the owner of the Transoneida, alleging that his injuries had been caused by the vessel's unseaworthiness and Hudson's negligence.

Following a trial before the court sitting without a jury, the trial judge found that the accident and Sutherland's injuries were caused by his failure to exercise reasonable care for his own safety and ordinary care in the circumstances. The court further found that the vessel was seaworthy with respect to the place where the accident occurred and that the accident was not caused by an unseaworthy condition of the vessel nor by negligence of Hudson. Judgment was entered accordingly and a timely appeal was taken by Sutherland.

Where, as in the present case, the evidence surrounding the cause of the accident is conflicting, due weight must be accorded to the trial court's appraisal of the credibility of witnesses. The findings of fact entered by the trial court should not be set aside unless clearly erroneous. Moreover, on appeal, this court must view the evidence in the light most favorable to the prevailing party, and such party must be given the benefit of all inferences that may reasonably be drawn from the evidence. Komie v. Buehler Corp., 449 F.2d 644 (9th Cir. 1971).

This court has previously held that findings of fact as to the cause of an accident will not be set aside unless clearly erroneous. Dean v. United States, 418 F.2d 1236 (9th Cir. 1969), cert. den. 398 U.S. 905, 90 S.Ct. 1695, 26 L.Ed.2d 64; Ramos v. Matson Navigation Co., 316 F.2d 128 (9th Cir. 1963).

We have examined the entire record of proceedings in the district court, viewed the evidence in the light most favorable to the defendant Hudson, and applied thereto the well established principles of law stated above. Having done so, we are unable to say that the findings of the lower court were clearly erroneous. To the contrary, the findings are supported by substantial evidence.

The judgment is therefore affirmed.