**John T. HILL, et al., Plaintiffs,**

v.

**EQUITABLE BANK, N.A., Defendant.**

**Civ. A. No. 82–220 CMW.**

United States District Court,
D. Delaware.

Dec. 20, 1985.

Harvey S. Kronfeld, of Harvey S. Kronfeld, P.C., Philadelphia, Pa., for plaintiffs, except James R. Stritzinger; Richard I. Kovelant, and Douglas Clark Hollmann, of Goldman, Kruger, Kovelant, Hurtt, Hollmann & Kaiser, Laurel, Md., of counsel.

James R. Stritzinger, pro se.

Martin I. Lubaroff, of Richards, Layton & Finger, Wilmington Del., for defendant; Michael D. Colglazier, and Douglas B. Riley, of Miles & Stockbridge, Baltimore, Md., of counsel.

OPINION

CALEB M. WRIGHT, Senior District Judge.

This litigation stems from an alleged scheme to defraud plaintiffs in relation to

the sale of interests in two limited partnerships. Plaintiffs, investors in the partnerships, originally asserted claims against the defendant, Equitable Bank, N.A., under the Securities Act of 1933, the Securities Exchange Act of 1934, and the common law of Maryland and Delaware. Plaintiffs [1] now seek to amend their complaint to assert an additional claim against defendant under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961. Defendant vigorously opposes this amendment.

The Court has chronicled the substantive facts giving rise to this litigation in two lengthy opinions, see 562 F.Supp. 1324 (D.Del.1983), and 599 F.Supp. 1062 (D.Del. 1984), and will not repeat them here. It is necessary, however, to provide a. procedural précis of this dispute to put plaintiffs' petition in the proper perspective.

## I. *Procedural History*

Plaintiffs John T. Hill, Patricia and Thomas L. Ruger, Virgil and Marie Scott, James R. Stritzinger, Descomp, Inc., and Data Controls North, Inc., filed this action on April 30, 1982, alleging violations of federal securities law and Maryland and Delaware state law by Equitable Trust Co. (the predecessor in interest of Equitable Bank, N.A.) and Mercantile Safe Deposit & Trust Co. After considerable discovery and briefing of motions, on May 3, 1983, the Court dismissed portions of the complaint and gave plaintiffs thirty days to conduct additional discovery and to file an amended complaint. See 562 F.Supp. 1324 (D.Del.1983). This deadline was extended several times, and plaintiffs filed an amended complaint against Equitable on October 7, 1983.[2] This amended complaint contained allegations similar to those found in plaintiffs' original complaint. The parties conducted additional discovery, and Equitable again moved to dismiss the complaint. The Court granted this motion in

part on August 16, 1984. See 599 F.Supp. 1062 (D.Del.1984).

In the meantime, Equitable had filed a number of lawsuits in federal court in Maryland against various plaintiffs, seeking recovery under certain letter of credit agreements. Equitable's suits against plaintiffs Virgil and Marie S. Scott, John T. Hill, Thomas L. and Patricia Ruger, and Descomp, Inc., were transferred to the District of Delaware on September 20, 1984, and consolidated with the original *Hill* case, C.A. No. 82–220, on March 26, 1985. See Order of March 26, 1985, Docket No. 82. A similar lawsuit by Equitable against plaintiff James R. Stritzinger was transferred from Maryland to the District of Delaware on March 29, 1985, and consolidated with the original *Hill* case on May 2, 1985. See Order of May 2, 1985, Docket No. 85. Unlike the other cases transferred from Maryland, *Equitable Trust Co. v. Stritzinger*, C.A. 85–216, contains a counterclaim by Stritzinger against Equitable alleging a violation of RICO, 18 U.S.C. § 1961. See Amended Counterclaim and Demand for Jury Trial ¶¶ 170–177, Docket No. 11. The Maryland court never ruled on a motion by Equitable to dismiss the RICO counterclaim which was filed and briefed prior to the transfer of the case to Delaware. See Letter from the Hon. Joseph H. Young to the Hon. Caleb M. Wright (March 29, 1985). The RICO counterclaim is still at issue in the litigation.

In an Order dated March 28, 1985, this Court set June 14, 1985, as the cut-off date for any motions to join additional parties or amend the pleadings. See Order of March 28, 1985, Docket No. 84. After receiving estimates from counsel about the anticipated length of trial, the Court scheduled a three-week trial to start January 6, 1986. See Order of June 27, 1985, Docket No. 97. Discovery was to be completed by September 30, 1985. See Order Extending Dis-

---

1. The motion to amend was filed by counsel for all plaintiffs except James R. Stritzinger, who is proceeding *pro se.* For the sake of convenience, the Court will refer to the moving parties simply as "plaintiffs."

2. The action against Mercantile Safe Deposit & Trust Co. was settled in August, 1983. See Order and Stipulation of Dismissal, Docket No. 59.

covery and Motions Date Deadline, Docket No. 131.

Plaintiffs filed their motion to amend on September 10, 1985.[3] After briefing on the motion was complete but prior to oral argument, defendant's counsel Michael D. Colglazier requested a conference with the Court and opposing counsel. At this conference, held October 10, 1985, Colglazier asked for additional time to complete discovery, a request with which plaintiffs' counsel agreed. Colglazier also stated that Equitable planned to file a comprehensive motion for summary judgment upon completion of discovery. The Court agreed to extend the discovery cut-off date until January 31, 1986, and cancelled the scheduled pretrial conference and trial. *See* Order of October 11, 1985, Docket No. 141. No new dates have been set for the pretrial conference and trial.

## II. *The Parties' Positions*

Plaintiffs now seek to add a new count to their complaint alleging violations of 18 U.S.C. § 1962. Plaintiffs present four points in support of their motion for leave to amend. First, the Court should grant motions to amend freely as justice requires. Second, justice requires that this motion be granted because the availability of a private RICO cause of action in these circumstances was made clear only after the U.S. Supreme Court decision in *Sedima, S.P.R.L. v. Imrex Co.,* — U.S. —, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), issued after the deadline to file motions to amend in this case. Third, plaintiffs assert that defendant will not be prejudiced by the amendment because it already had been put on notice of the facts comprising the RICO claim. In particular, the predicate offenses needed to support a RICO claim were alleged in the existing complaint, and a RICO claim already was present in the case through the Stritzinger counterclaim. Finally, plaintiffs argue that they will suffer great prejudice if their motion is denied.

In response, Equitable makes three arguments. First, it argues that filing a motion to amend three years after the case was brought originally constitutes undue delay, especially since no adverse precedent prevented plaintiffs from seeking the RICO amendment much earlier. Second, Equitable argues that the facts on which plaintiffs base their RICO claim have been known to them for several years. Finally, Equitable argues that it will be prejudiced unduly if plaintiffs are allowed to amend. The particular types of prejudice claimed by Equitable include the necessity of facing a novel legal claim close to trial, the great increase in its potential liability because of RICO's provisions for treble damages and attorneys' fees, the tactical advantage conferred on plaintiffs, and the possibility that the RICO count would require Equitable to file a motion to dismiss and conduct additional discovery.

Having considered the parties' arguments and the relevant authorities, the Court will grant plaintiffs' motion for leave to amend their complaint.

## III. *Discussion*

Leave to amend pleadings under Fed.R. Civ.P. 15(a) is at the discretion of the district court, *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Courts "have shown a strong liberality ... in allowing amendments under Rule 15(a)." *Heyl & Patterson Intern. v. F.D. Rich Housing,* 663 F.2d 419, 425 (3d Cir.1981), (quoting 3 Moore's Federal Practice ¶ 15.-08(2)), *cert. denied,* 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982). In *Foman,* the Supreme Court identified a number of factors governing motions to amend under Rule 15(a):

Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), ¶¶ 15.08, 15.10. If the un-

---

**3.** The parties' briefs on the motion to amend state that the motion was filed on or about August 7, 1985. However, the motion was not docketed until September 10, 1985. *See* Motion for Leave to Amend Complaint, Docket No. 125.

derlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *accord, Heyl & Patterson Intern.*, 663 F.2d at 425; *Cornell & Co. v. Occupational Safety and Health Rev. Comm'n.*, 573 F.2d 820, 823 (3d Cir. 1978).

■■■ The Third Circuit has interpreted these factors to emphasize that "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Co.*, 573 F.2d at 823; *Heyl & Patterson Intern.*, 663 F.2d at 425. A party's delay in moving to amend a pleading generally is an insufficient ground to deny an amendment, unless that delay unduly prejudices an opposing party. *Cornell & Co.*, 573 F.2d at 823; *Butcher & Singer, Inc. v. Kellam*, 105 F.R.D. 450, 452 (D.Del.1984). *See also* 3 Moore's Federal Practice ¶ 15.-08[4], at 15-76 (2d ed. 1985) ("[W]hile laches and unexcused delay may bar a proposed amendment, delay alone, regardless of its length, is not enough to bar it if the other party is not prejudiced."). In addition, the non-moving party must do more than simply claim prejudice; it must show that it will be unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it otherwise could have offered had the amendment been timely. *See Heyl & Patterson Intern.*, 663 F.2d at 426. Where substantial prejudice is not proven, a court may deny leave to amend only where the non-moving party shows bad faith, dilatory motive, truly undue or unexplained delay, futility, or repeated failure to cure deficiencies by amendment. *Id.* at 426.

■■ In accordance with these principles, the Court first must consider the extent to which granting plaintiffs' motion will prejudice Equitable. As discussed above, Equitable claims several ways in which it will be prejudiced: the proximity of trial, the great increase in its potential liability, the tactical advantage conferred on plaintiffs, and the necessity of filing a motion to dismiss and additional discovery requests. The Court finds none of these arguments persuasive.

Equitable's most compelling argument is that plaintiffs' motion was filed only four months before the scheduled trial date and less than a month before the discovery cut-off date. *Cf., e.g., Cornell & Co.*, 573 F.2d 820 (3d Cir.1978) (administrative board abused its discretion in allowing amendment of complaint which changed legal and factual basis for alleged violation nine days before hearing); *Gordon v. Terry*, 684 F.2d 736 (11th Cir.1982) (district court properly denied amendment adding RICO claims filed day before scheduled summary judgment hearing), *cert. denied*, 459 U.S. 1203, 103 S.Ct. 1188, 75 L.Ed.2d 434 (1983). The subsequent indefinite postponement of the trial and extension of the discovery period have vitiated considerably the force of this argument, because defendant now has time to complete any additional preparation.

Indeed, it is unclear that Equitable will have to undertake substantial additional work to meet plaintiffs' RICO claim. The RICO allegations are based on the same facts as the existing claims. RICO is not a new issue in the litigation, given the RICO counterclaim present in the *Stritzinger* case transferred from Maryland and consolidated with the instant case. Equitable presumably has been on notice all along to defend against that claim.

Equitable's claim of prejudice based on its need to move for summary judgment and conduct additional discovery similarly must fail. There are no pressing time constraints now that the trial has been postponed. Moreover, in moving to dismiss plaintiffs' RICO count, Equitable can draw

on the research used to prepare the briefs seeking to dismiss the RICO counterclaim filed in the *Stritzinger* case. Regarding discovery, Equitable's counsel acknowledged at oral argument that he did not expect that substantial new discovery would be required if the RICO count were added.

█ Equitable simply cannot claim prejudice based on its increased exposure to liability if RICO claims are part of the case. First, a RICO claim already is present in the case through the *Stritzinger* counterclaim, so that Equitable already faces potential liability for treble damages and attorneys' fees. In addition, the mere fact that the defendant may be held liable as a result of an amendment should not prevent the Court from granting an amendment that otherwise is valid. *See Chamberlin v. United Engineers & Constructors*, 194 F.Supp. 647, 649 (E.D.Pa.1961); *cf. Thomas v. Medesco, Inc.*, 67 F.R.D. 129 (E.D.Pa. 1974) (allowing amendment which added claim for punitive damages); 3 Moore's Federal Practice ¶ 15.08[2], at 15–52–15–54 (2d ed. 1985).

Equitable's argument that it will be prejudiced through some tactical advantage plaintiffs will gain if the amendment is granted is simply beside the point. Equitable would gain a similar advantage if plaintiffs' motion were denied. Practically any decision by a court in the progress of litigation conveys a tactical advantage on one side and presumably prejudices the other. This fact does not prevent the court from making decisions; it is the normal state of affairs.[4]

Given that Equitable has failed to convince the Court that it will be substantially prejudiced by the proposed amendment, the Court must consider other factors which might allow the amendment to be denied. Equitable does not suggest that plaintiffs' motion is a futile gesture or stems from bad faith or dilatory motive. Equitable, however, does claim that plaintiffs delayed unduly in seeking amendment. It points out that plaintiffs could have filed their amendment years before they actually did, because the proposed RICO count is not based on hitherto unknown facts or legal theories.

Plaintiffs seek to justify this delay by arguing that the law on civil RICO was unclear until the Supreme Court handed down its decision in *Sedima, S.P.R.L. v. Imrex Co.*, — U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985).[5] This proffered justification is not particularly convincing. Certainly, courts in the Third Circuit and elsewhere had reached vastly different conclusions about the circumstances in which RICO was available to civil litigants. *Compare, e.g., Sedima S.P.R.L. v. Imrex Co.*, 741 F.2d 482 (2d Cir.1984) (limiting reach of civil RICO by requiring criminal conviction for predicate acts and proof of "racketeering injury" beyond predicate acts), *rev'd.*, — U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985); *Penturelli v. Spector Cohen Gadon & Rosen P.C.*, 603 F.Supp. 262 (E.D.Pa.1985) (same); *with Haroco, Inc. v. American Nat'l. Bank & Trust Co. of Chicago*, 747 F.2d 384 (7th Cir.1984) (rejecting "racketeering injury" requirement), *aff'd.*, — U.S. ——, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985); *Roche v. E.F. Hutton & Co.*, 603 F.Supp. 1411 (M.D.Pa.1984) (same). *See also Warner Communications, Inc. v. Murdoch*, 581 F.Supp. 1482, 1497–98 (D.Del.1984) (discussing conflicting

---

**4.** *Komie v. Buehler Corp.*, 449 F.2d 644 (9th Cir.1971), the only case cited by defendant in its discussion of the prejudice issue, is readily distinguishable. In *Komie*, the defendants sought to amend their answer and pretrial order a month before trial in order to deny material facts which they had previously admitted. In this case, on the other hand, the trial date is not yet on the horizon, and plaintiffs are basing the RICO count on the same facts as their original claims.

**5.** Plaintiffs also assert that the only period of delay to be considered is the time between June 14, 1985—the cut-off date for filing amendments to the pleadings—and the date the motion to amend was filed, because plaintiffs could have filed any amendment prior to June 14, 1985, without leave of the Court. This assertion is incorrect. The Court would have had to approve any motion to amend, regardless of whether it was filed before the cut-off date.

decisions); T. Hazen, The Law of Securities Regulation § 19.3, at 648–51 (1985) (same). No decision binding on a district court in Delaware existed, however, to preclude plaintiffs from asserting a RICO claim previously. Many other litigants, including plaintiff-counterclaimant Stritzinger, did not feel similarly inhibited and took the gamble of asserting RICO claims.

Nevertheless, the Court cannot conclude that plaintiffs delayed unduly in seeking amendment. Because Equitable has failed to show significant prejudice, plaintiffs will be allowed, despite delay, to amend their complaint to assert a RICO claim against Equitable. An Order will enter in accordance with this Opinion.