**Michael L. POTTS; The American Academy of Implant Dentistry, Plaintiffs–Appellees,**

v.

**Charlene ZETTEL, in her official capacity as Director; Cynthia Gatlin, Executive Officer, California Dental Board; Alan Kaye, DDS, President, California Dental Board; La Donna Drury–Klein; David I. Baron; Newton Gordon, DDS; Lawrence Hyndley, DDS; Patricia Osuna, RDH; George Soohoo, DDS; Chester Yokohama, DDS; Kamran Sahabi, DDS; Kevin Biggers; Brandon Hernandez, Defendants–Appellants.**

**Michael L. Potts; The American Academy of Implant Dentistry, Plaintiffs–Appellees,**

v.

**Cynthia Gatlin, Executive Officer, California Dental Board; Alan Kaye, DDS, President, California Dental Board; La Donna Drury–Klein; David I. Baron; Newton Gordon, DDS; Lawrence Hyndley, DDS; Patricia Osuna, RDH; George Soohoo, DDS; Chester Yokohama, DDS; Kathleen Hamilton, in her official capacity as director; Michael Pinkerton, Vice President, Public Member; Ariane Terlet, DDS, Defendants–Appellants,**

and

**Office of the Attorney General, Defendant.**

Nos. 05–15324, 05–16247.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2006.

Filed Feb. 2, 2007.

Ann T. Schwing, Laura J. Fowler, Esq., McDonoughm Holland and Allen, Sacramento, CA, Frank R. Recker, Esq., Frank

J. Recker & Assoc. LPA, Marco Island, FL, for Plaintiffs–Appellees.

Jeffrey M. Phillips, Esq., AGCA—Office of the California, Attorney General, Sacramento, CA, John M. Peterson, Jr., Esq., Howe & Hutton, Ltd., Chicago, IL, Steven P. Means, Esq., Michael Best & Friedrich LLP, Madison, WI, for Defendants–Appellants.

Before: CANBY, COX,* and PAEZ, Circuit Judges.

## MEMORANDUM **

Defendants–Appellants Charlene Zettel et al. ("CDB") appeal the district court's summary judgment in favor of Plaintiffs–Appellees Michael Potts and the American Academy of Implant Dentistry ("Potts") in Potts's challenge to the constitutionality of California Business & Professional Code § 651(h)(5)(A), which regulates the advertisement by dentists of membership and specialty in or credentials received from a national specialty board that is not recognized by the American Dental Association ("ADA"). *Potts v. Hamilton,* 334 F.Supp.2d 1206 (E.D.Cal.2004). Potts, who holds credentials from two non-ADA recognized boards, sought declaratory and injunctive relief, arguing that section 651(h)(5)(A) unconstitutionally restricts commercial speech. After discovery and disclosure of expert witnesses, Potts and CDB filed cross-motions for summary judgment. The district court granted summary judgment for Potts, declared

section 651(h)(5)(A) unconstitutional, and enjoined CDB from enforcing it.

■ Although he does not challenge the judgment, Potts renews two arguments that he raised below to CDB's defense of the constitutionality of section 651(h)(5)(A). First, Potts argues that the final judgment in *Bingham v. Hamilton,* 100 F.Supp.2d 1233 (E.D.Cal.2000), has claim—and issue-preclusive effect. We agree with the district court that this argument lacks merit. Because the California legislature significantly amended section 651(h)(5)(A) in 2002, subsequent to the judgment in *Bingham,* neither the claim nor the issues in the instant litigation are substantially identical to those before the court in the prior case.

■ Potts also renews his objection to the survey evidence that CDB presented to prove the potentially misleading nature of the advertisements that section 651(h)(5)(A) would prohibit. The district court properly admitted this evidence over Potts's objections. The legislative record indicates that a significant motivation behind the 2002 amendment was concern over the potential of these advertisements to mislead California consumers. The survey results were probative of their potential to mislead and were therefore relevant, regardless of whether the legislature had the benefit of the surveys when it amended § 651(h)(5)(A).

■ We also agree that the surveys were not inadmissible hearsay, because they fall within the hearsay exception in Federal Rule of Evidence 803(1), for present sense impressions of the declarant. *See Fla. Bar v. Went For It, Inc.,* 515 U.S. 618, 626–27, 115 S.Ct. 2371, 132 L.Ed.2d

---

* The Honorable Emmett Ripley Cox, Senior Circuit Judge for the Eleventh Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

541 (1995) (upholding a commercial speech restriction in part based on survey evidence that demonstrated consumers' states of mind). *See also Schering Corp. v. Pfizer, Inc.,* 189 F.3d 218, 233 (2d Cir.1999); *C.A. May Marine Supply Co. v. Brunswick Corp.,* 649 F.2d 1049, 1054 (5th Cir. 1981).

■ Finally, the surveys were admissible under Federal Rule of Evidence 703 as the bases of the opinions offered by CDB's experts. Potts's challenge to the surveys' reliability goes to their weight, not their admissibility. *See Prudential Ins. Co. of Am. v. Gibraltar Fin. Corp. of Cal.,* 694 F.2d 1150, 1156 (9th Cir.1983) (citations omitted).

■ Commercial speech receives intermediate protection under the First Amendment. As the party seeking to enforce a restriction on commercial speech, CDB must produce evidence from which a reasonable fact finder could conclude that the advertisement of non-ADA credentials and specialties is potentially misleading; that the government has a substantial interest in regulating this speech; that section 651(h)(5)(A) directly advances this interest; and that the statute restricts no more speech than necessary. *See Central Hudson v. Pub. Serv. Comm'n of N.Y.,* 447 U.S. 557, 570, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980).[1]

CDB introduced survey, anecdotal, and legislative history evidence in support of its initial burden under *Central Hudson* to show that the speech it seeks to regulate has the potential to mislead. Although the district court properly admitted this evidence, it concluded that the "surveys are of only limited value in determining whether [the advertisements] are potentially misleading." *Potts,* 334 F.Supp.2d at 1216. Consideration of the relative weight of the parties' evidence was inappropriate at the summary judgment stage. *See Molitor v. Am. Pres. Lines, Ltd.,* 343 F.2d 217, 219 (9th Cir.1965). Because the parties' evidence created a material issue of fact regarding the potential of the advertisements to mislead, the district court erred in granting summary judgment for Potts.[2]

In the absence of a full evidentiary record, findings of fact, and conclusions of law, pursuant to Federal Rule of Civil Procedure 52(a), we are unable to determine whether the challenged statute violates Potts's commercial free speech rights, because whether and to what extent the advertisements potentially mislead the public will inform the legal analysis under the third and fourth prongs of *Central Hudson.* We therefore reverse the grant of summary judgment and remand for further proceedings consistent with this disposition. We also vacate the attorney's fees award as premature. We need not address the parties' additional arguments on appeal.

**REVERSED and REMANDED.**

---

1. The First Amendment affords no protection to speech that is actually misleading. *In re R.M.J.,* 455 U.S. 191, 203, 102 S.Ct. 929, 71 L.Ed.2d 64 (1982). We assume for the purposes of this appeal that CDB's evidence creates a material issue of fact only as to whether the advertisements have the potential to mislead.

2. CDB and Potts cross-moved for summary judgment. Contrary to CDB's assertion on appeal that it presented "undisputed" evidence of actual consumer confusion, Potts presented evidence challenging the reliability and scientific validity of CDB's data.