Michael R. WOOD, individually and dba National Photo Services, Appellant,

v.

Willard W. McEWEN, Jr., et al., Appellees.

No. 79–4145.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 7, 1981.

Decided May 4, 1981.

Rehearing and Rehearing En Banc Denied Aug. 10, 1981.

---

Michael R. Wood, Santa Barbara, Cal., for appellant.

Hugh J. Haferkamp, Santa Barbara, Cal., argued for appellees; William A. Brace, Santa Barbara, Cal., and Henry J. Walsh, Monte L. Widders, Ventura, Cal., Roy G. Weatlerup, Los Angeles, Cal., Carolyn M. Reynolds, Asst. U. S. Atty., Los Angeles, Cal., on brief.

Before GOODWIN and SNEED, Circuit Judges, and SOLOMON, District Judge.*

* The Honorable Gus J. Solomon, Senior United States District Judge, for the District of Oregon, sitting by designation.

PER CURIAM.

Michael Wood appeals from the district court's dismissal of his action to set aside a prior judgment. This action and the appeal are frivolous and call for the imposition of damages.

In May, 1972, Wood filed a *pro se* action against Chace Company Advertising, Inc., and Thomas Chace, alleging copyright infringement, antitrust violations and defamation in connection with photographs that Wood took for Chace.

During the next two years, the parties engaged in discovery and the court held nine hearings on the difficulties which the defendants were experiencing in obtaining discovery from Wood. The defendants complained of Wood's recalcitrance. They requested the appointment of a special master to supervise discovery. At their suggestion, District Judge Robert J. Kelleher appointed Willard W. McEwen, Jr., a part-time United States Magistrate as special master.

Notwithstanding McEwen's supervision, Wood continued to refuse to participate in discovery. During his deposition, he refused to abide by McEwen's rulings and refused to produce documents, even though he had already stipulated to their discovery.

The defendants filed an *ex parte* application to dismiss the action and filed McEwen's report and affidavit in support of the application. Judge Kelleher denied it, but issued an order requiring Wood to show cause why his action should not be dismissed for failure to comply with the court's orders. On May 6, 1974, after a hearing in which Wood actively participated, the court stated:

This Court has on many occasions indulged various shortcomings on behalf of Wood, in the belief that, despite the difficulties presented, the plaintiff should be allowed to proceed in propria persona . . . Now, however . . . the Court has come to the conclusion that wilfullness is involved

... To allow plaintiff to continue ... would constitute this Court's tolerance and acquiescence in an abuse of the processes of the United States District Courts. This Court cannot, and will not, tolerate that abuse.

The court entered a judgment dismissing the action with prejudice.

Wood appealed the judgment to this Court and we affirmed. Wood then petitioned the Supreme Court for a writ of certiorari. The petition was denied in 1975.

In May, 1977, three years after the district court's dismissal of the action, Wood filed another action in the district court in which he alleged that the earlier judgment was the result of a "fraud upon the court" under Rule 60(b)(3) and (6), Federal Rules of Civil Procedure.[1] Wood amended the complaint before serving it.

In the first amended complaint, Wood named the original defendants, their attorneys, McEwen, the Santa Barbara Chamber of Commerce, the Better Business Bureau of the Tri-Counties, and insurance companies which insured the original defendants. Wood alleged that the defendants had conspired to have McEwen appointed as special master; that McEwen's failure to disclose his association with the Santa Barbara Chamber of Commerce was a fraud on the court and that McEwen's affidavit was false and perjured.

The defendants moved to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim on which relief could be granted. District Judge Francis C. Whelan issued a protective order suspending discovery until he decided these motions. On December 22, 1977, Judge Whelan granted all the defendants' motions and dismissed the complaint.

In May, 1978, Wood moved to file a second amended complaint. This amendment sought to add more than 100 defendants and to assert twenty-nine causes of action, most of which Judge Kelleher had dismissed in 1974. The only significant addition was an allegation that McEwen had a pecuniary interest in the action which Judge Kelleher had dismissed. After a full hearing, Judge Whelan denied this motion to amend.

In July, 1978, Wood sought to file a third amended complaint which again restated the allegations of the complaint which Judge Kelleher had dismissed. After a hearing, Judge Whelan denied this application.

In October, 1978, Wood sought to file a fourth amended complaint which repeated the allegations of the other proposed complaints. Before the court could rule on this motion, Wood filed applications to disqualify all the judges in the Central District of California and to transfer the case to the District of Nevada.

On February 22, 1979, Judge Whelan denied Wood's motions to disqualify and to transfer. After a hearing, he denied the motion to amend for failure to allege a specific act of fraud upon which relief could be granted and entered a judgment of dismissal.

Wood brought an emergency motion in this Court to stay Judge Whelan's orders and judgment. We denied the motion.

Wood appealed from the judgment. In this Court, he filed a document stating that he has filed thirty-six other actions in thirty-one different districts in nine different circuits. These actions name 253 defendants and involve claims similar to those Judge Kelleher dismissed in 1974.

■ Wood contends that Judge Whelan erred in granting appellees' 12(b)(6) motions. A district court has broad discretion to dismiss a claim, when, as here, it has no merit. 2A Moore's Federal Practice, ¶ 12.08 at 2271.

---

1. This rule provides that a "court may relieve a party ... from a final judgment ... for ... (3) fraud ... (whether ... intrinsic or extrinsic) ... or (6) any other reason justifying relief ...." But, "[t]his rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding ... for fraud upon the court." A Rule 60(b)(3) motion must be brought within one year after the judgment is entered but there is no time limit for bringing an independent action.

Rule 60(b)(3) provides that a judgment may be set aside for an adverse party's fraud if a motion is made within one year after the entry of the judgment sought to be set aside. Here, Wood did not file his motion for almost three years after the judgment was entered. Wood's motion, therefore, cannot be granted under Rule 60(b)(3)

Rule 60(b) also provides that a court may consider an independent action to set aside a judgment for fraud on the court. Although there is no time limit for these actions, they may be maintained only for extrinsic fraud. *Independence Lead Mines Co. v. Kingsbury,* 175 F.2d 938, 985 (9th Cir. 1949).

Wood's first amended complaint, and all proposed amendments, contained two grounds for setting aside the judgment:

(1) Appellees conspired to have McEwen appointed special master and McEwen's conflict of interest in the outcome, because of his involvement in the Santa Barbara Chamber of Commerce, precluded Wood from fairly presenting his claims, and

(2) McEwen filed a false and perjured affidavit regarding Wood's conduct during discovery which resulted in the dismissal.

Judge Kelleher dismissed the action because of Wood's conduct both before and after McEwen's appointment and for Wood's failure to comply with the court's orders. Wood does not attempt to justify his refusal to comply with the court's orders nor does he deny that he refused to permit discovery.

Even if we could disregard Judge Kelleher's grounds for dismissing the action, Wood's allegations do not provide a basis to vacate the prior judgment. His allegation of McEwen's membership in the Chamber of Commerce, an organization that was not even a party to the action, does not support an allegation of a conflict of interest and does not indicate either extrinsic fraud or fraud on the court. *See Keys v. Dunbar,* 405 F.2d 955 (9th Cir.), *cert. denied,* 396 U.S. 880, 90 S.Ct. 158, 24 L.Ed.2d 138 (1969); *England v. Doyle,* 281 F.2d 304 (9th Cir. 1969).

Extrinsic fraud is conduct which prevents a party from presenting his claim in court. *Green v. Ancora-Citronelle Corp.,* 577 F.2d 1380, 1384 (9th Cir. 1978). At the hearing at which Judge Kelleher considered McEwen's report, Wood fully participated in the proceedings. Wood's allegation of perjury does not raise an issue of extrinsic fraud. At most it raises an issue of intrinsic fraud and does not provide a substantive ground for relief. *Independence Lead Mines Co. v. Kingsbury, supra.*

Wood asserts many other claims of error, some of which we shall discuss briefly and all of which are without merit.

Wood complains that Judge Whelan erred in not allowing him to amend his complaint. Under rule 15, Federal Rules of Civil Procedure, a party has the right to amend his pleading once and thereafter the matter is within the court's discretion. Wood amended once as of right before he served the complaint. Judge Kelleher had dismissed in the prior action the material allegations of the complaint and proposed amendments. In the action before Judge Whelan, Wood failed to specifically allege facts that presented substantive grounds for an action for fraud on the court. Judge Whelan properly denied the proposed amendments which did not cure these deficiencies. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Moreover, the court held hearings on each motion and informed Wood of the reasons for its action. The court was not required to issue a formal memorandum on each occasion. *Komie v. Buehler Corp.,* 449 F.2d 644, 648 (9th Cir. 1971).

Wood also contends that Judge Whelan erred in issuing the protective order. A district court may limit discovery "for good cause", Rule 26(c)(4), Federal Rules of Civil Procedure, and may continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief. *B. R. S. Land Investors v. United States,* 596 F.2d 353 (9th Cir. 1978).

When the court suspended discovery, there was a real question whether Wood's claim presented a substantive basis for vacating the judgment; at no time has Wood alleged that any prejudice resulted from the order. The court did not abuse its discretion in issuing the protective order staying discovery.

 Wood contends that Judge Whelan erred in denying his motion to transfer the action to the District of Nevada. Wood's only argument to justify transfer is that he would not receive a fair trial in the Central District of California because of McEwen's "close association" with the judges of that district. Wood and all appellees are residents of the Central District of California and the alleged fraud took place in that district. Transfer to Nevada would have been a complete waste of time; the court properly denied it.

 Wood contends that Judge Whelan abused his discretion in failing to disqualify himself. Wood bases this argument on his allegations of a "close association" between Judge Whelan and McEwen and "prejudgment bias" caused by a letter from Aetna's counsel suggesting that the case be transferred to Judge Kelleher.

This issue is irrelevant to an appeal from a dismissal under Rule 12(b)(6), but even if it were relevant, Wood did not meet the requirements for disqualifying a presiding judge. A motion to disqualify a presiding judge must be "timely," "sufficient," and accompanied by an affidavit made in "good faith" stating the facts upon which the motion is made. 28 U.S.C. § 144. Wood did not move for disqualification until sixteen months after the alleged grounds for disqualification arose. He therefore waived that privilege. *Lucas v. United States*, 325 F.2d 867, 869 (9th Cir. 1963). In addition, Wood did not raise the issue until it was clear that the court intended to dismiss his underlying claim without leave to amend. Wood attempted to use the statute to avoid dismissal on the merits.

 28 U.S.C. § 455 requires a judge to disqualify himself "at any proceeding at which his impartiality might reasonably be questioned." The moving party must allege facts from which a reasonable man would fairly infer that a judge is personally and extra-judicially biased or prejudiced. *United States v. Carignan Co.*, 600 F.2d 762, 763 (9th Cir. 1979). Wood's affidavit contains only conclusionary statements and personal opinions about the alleged "close association." The attorney's letter is a communication under Local Rule 2(g)(7). Wood's affidavit fails to allege facts sufficient to substantiate his allegation of judicial prejudice and the court properly dismissed the motion. *United States v. Azhocar*, 581 F.2d 735 (9th Cir. 1978), *cert. denied*, 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979).

 Appellees contend that they are entitled to costs and attorney's fees on appeal. Rule 38, Federal Rules of Appellate Procedure. Although we are reluctant to impose penalties against any litigant, particularly one appearing *pro se*, the facts in this case require that we do it.

In the first action, Wood continually refused to comply with the court's discovery orders. In this action, he has made spurious and unsubstantiated allegations of misconduct against large groups of individuals and organizations. The filing of this and thirty-six other cases, which repeatedly raise the same claims, has become burdensome and costly to the litigants. Wood continually asserts frivolous grounds of error.

A penalty is justified in favor of those litigants who have been needlessly put to trouble and expense. Wood himself recognizes the propriety of such action because he seeks attorney's fees and costs against appellees.

The judgment is affirmed. Wood is ordered to pay $1,250 as damages including attorney's fees and costs to each group of appellees which filed a brief in this action other than to McEwen [2] who shall be entitled to costs only.

2. Briefs were filed for five groups of appellees: (a) Santa Barbara Chamber of Commerce and

All Year Association, Inc. (b) Chace Company Advertising, Inc.; Thomas Chace; Hugh J. Haf-

erkamp; Hollister, Brace & Angle; Hollister & Brace, Inc.; George A. Rempe, III; and J. James Hollister, III. (c) Aetna Life and Casualty Co.; Cavalletto, Webster, Mullen & McGaughey; and James W. Brown. (d) Better Business Bureau of the Tri-Counties; Hartford Accident & Indemnity Co.; and Monte L. Widders. (e) Willard W. McEwen.