39 F.3d 1187
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William P. LINDO, Jr., Plaintiff-Appellant,
v.
CITY AND COUNTY OF SAN FRANCISCO, Department of Social
Services; the Civil Service Commission,
Defendants-Appellees.
 No. 94-15335.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 31, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William P. Lindo Jr. appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b) motion to set aside the judgment. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 Lindo's underlying action arose from Lindo's employment in the late 1970s and his subsequent discrimination suit against the City of San Francisco ("City"). Lindo asserted that because of his race he had been forced to resign with the status of "services unsatisfactory." Lindo and the City subsequently entered into a stipulated dismissal of that action in October 1983. In 1985, Lindo moved for relief from the stipulated dismissal under Rule 60(b) claiming the City had committed fraud by misrepresenting the terms of the dismissal. The district court denied the motion, and we affirmed.
 
 
 5
 In 1987, Lindo again moved for Rule 60(b) relief based on the City's allegedly fraudulent actions in obtaining the stipulated dismissal. The district court denied Lindo's second Rule 60(b) motion, and we again affirmed the district court's denial.
 
 
 6
 In his present Rule 60(b) motion, Lindo asserts that the stipulated dismissal should be set aside because the City committed fraud on the court by submitting a forged document into evidence.
 
 II
 Merits
 
 7
 Lindo contends the district court erred by finding that his Rule 60(b) motion to set aside the judgment was untimely. This contention lacks merit.
 
 
 8
 Lindo's motion to set aside the judgment is cognizable as a Rule 60(b)(3) motion because it was grounded on the allegation of fraud by the opposing party. See Fed.R.Civ.P. 60(b)(3); Lafarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1337-38 (9th Cir.1986) (under subsection 60(b)(3), the court may grant relief from judgment for fraud or other misconduct of an adverse party). We review the denial of a Rule 60(b) motion for abuse of discretion, and we will reverse " 'only upon a clear showing of abuse of discretion.' " Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) (quoting Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir.1985)).
 
 
 9
 Rule 60(b) requires that the party seeking relief make a motion within a reasonable amount of time, but specifies that a Rule 60(b)(3) motion be made within one year from the judgment to which the motion refers. Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir.1984). Here, because Lindo brought his Rule 60(b) motion more than one year after the district court's entry of judgment, the district court did not abuse its discretion by denying the motion as untimely. See id.
 
 
 10
 Lindo, nevertheless asserts that he may bring an independent action to set aside the judgment under Rule 60(b) because the City committed fraud on the court. This contention lacks merit.
 
 
 11
 Rule 60(b) "does not limit the power of a court to entertain an independent action to relieve a party from a judgment, ... or to set aside a judgment for fraud on the court." Fed.R.Civ.P. 60(b). Although Rule 60(b) does not set any specific time limits for actions alleging fraud on the court, such actions may be maintained only for extrinsic fraud. Wood v. McEwen, 644 F.2d 797, 801 (9th Cir.1981), cert. denied, 455 U.S. 942 (1982). "Extrinsic fraud is conduct which prevents a party from presenting his claim in court." Id.; see also Abatti v. Commissioner, 859 F.2d 115, 118 (9th Cir.1988) ("fraud on the court may occur when the acts of a party prevent his adversary from fully and fairly presenting his case or defense"). Additionally, "fraud on the court must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision." Abatti, 859 F.2d at 118 (quotation omitted).
 
 
 12
 Here, even if Lindo's contention that the City submitted a forged document into evidence was true, Lindo has failed to allege or offer any evidence that the City's action prevented him from presenting his claim for unlawful discharge. See id. To the contrary, the record indicates that the settlement agreement provided Lindo with the relief he had sought in his original complaint. Thus, pursuant to the agreement, the City changed his resignation status to that of "service satisfactory." Accordingly, Lindo also has failed to show that the defendants were involved in an "unconscionable plan or scheme." See id. Given these circumstances, the district court did not abuse its discretion by denying Lindo's motion to set aside the judgment. See Molloy, 878 F.2d at 315.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3