112 F.3d 515
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Freeman R. DAVIS, Plaintiff-Appellant,
v.
BURVANT, MD; Shedier, MD; Turella, MD; Myers, MD;
Sheppard, CMO, Textor; Shedler, MTA; Middleton;
Janzam; Astorga; Mundull, MD,
Defendants-Appellees.
 No. 96-15730.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 23, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Freeman R. Davis, a California state prisoner, appeals pro se the district court's summary judgment for defendant prison officials in Davis' § 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and we affirm.
 
 
 3
 Davis contends that the district court erred by granting summary judgment for defendants on his claim that defendants violated his constitutional rights through inadequate medical care of his tuberculosis, resulting in the loss of part of one of Davis's lungs. This contention lacks merit.
 
 
 4
 Davis failed to raise any genuine issues of material fact, see Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989), concerning whether prison officials were deliberately indifferent to his serious medical needs, constituting unnecessary and wanton infliction of pain, see Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992); Anthony v. Dowdle, 853 F.2d 741, 742-43 (9th Cir.1988). Neglect of Davis's health would be a constitutional violation only if defendants "[knew] of and disregard[ed] an excessive risk to [Davis's] health or safety." Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994).
 
 
 5
 Defendants routinely tested Davis and took appropriate and prompt, if not immediate, action when necessary. Any alleged delay or inadequate treatment on the part of defendants failed to rise to the level required for a constitutional violation. See McGuckin, 974 F.2d at 1059. At most, Davis has raised a difference of medical opinion regarding his treatment. See Franklin v. Oregon, State Welfare Div., 662 F.2d 1337, 1344 (9th Cir.1981). Accordingly, the district court did not err by granting summary judgment for defendants. See Taylor, 880 F.2d at 1044-45.
 
 
 6
 Davis also contends that the district court abused its discretion by denying Davis's discovery requests. We disagree. Because Davis never showed that additional discovery would have precluded summary judgment, see Maljack Prods., Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 887-88 (9th Cir.1996), and because we hold that Davis would not have been able to state a claim for relief, see Wood v. McEwen, 644 F.2d 797, 801 (9th Cir.1981) (per curiam), the district court did not abuse its discretion by denying the motions.
 
 
 7
 Davis also contends that the district court abused its discretion by denying his motions for appointment of counsel and an independent expert witness. We disagree. It is not an abuse of discretion for a district court to deny a motion for appointment of counsel if there are no exceptional circumstances, see Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990), which is determined by evaluating the party's likelihood of success on the merits and the party's ability to articulate his claims in light of their complexity, see Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). There was little likelihood of Davis's success on the merits. In addition, Davis effectively articulated his claims, filed numerous motions, and vigorously pursued discovery. Accordingly, the district court did not abuse its discretion by denying Davis's motions for appointment of counsel. See Housewright, 900 F.2d at 1335; Wilborn, 789 F.2d at 1331.
 
 
 8
 The medical issues in this case are not sufficiently complex so as to require an expert's interpretation. Cf. McKinney v. Anderson, 924 F.2d 1500, 1510-11 (9th Cir.), vacated on other grounds sub nom., Helling v. McKinney, 502 U.S. 903, 903 (1991). Accordingly, the district court did not abuse its discretion by denying Davis's motions for appointment of an expert witness. See Fed.R.Evid. 706(a); Students of California Sch. for the Blind v. Honig, 736 F.2d 538, 549 (9th Cir.1984), vacated as moot, 471 U.S. 148, 149-50 (1985) (per curiam).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of the disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal