112 F.3d 517
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Edward NORRIS, Plaintiff-Appellant,
v.
SEATTLE UNIVERSITY SCHOOL OF LAW, fka University of Puget
Sound School of Law, Defendant-Appellee.
 No. 96-36128.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 24, 1997.
 
 Before BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Edward Norris appeals pro se the district court's summary judgment for Seattle University School of Law ("Seattle University"). Norris claimed he was twice improperly denied admission to Seattle University's Alternative Admission Program ("Program"). He brought this action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e; Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d;[1] and the Vietnam Era Veterans' Readjustment Assistance Act of 1974 ("VEVRAA"), 38 U.S.C. §§ 4211-4214. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996); Reynolds v. County of San Diego, 84 F.3d 1162, 1166 (9th Cir.1996) (holding that we may affirm the district court on any grounds supported by the record), and we affirm.
 
 
 3
 Norris contends that the district court erred by granting summary judgment to Seattle University on Norris's claim that Seattle University improperly denied him admission to its Program in violation of the ADEA, the ADA, Title VII, Title VI, and the VEVRAA. We disagree. Summary judgment is appropriate if the evidence, viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact, see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986), and the evidence is such that a jury could reasonably find for the nonmoving party, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).
 
 
 4
 Norris does not have cognizable claims under the ADEA, Title VII, and the VEVRAA for the reasons stated by the district court in its order filed on September 16, 1996.
 
 
 5
 To succeed on his ADA claim Norris would need to prove that (1) he is disabled, (2) Seattle University is a private entity which owns, leases or operates a place of public accommodation, and (3) Seattle University failed to make reasonable modifications in its policies, practices, or procedures to accommodate his alleged disability. See 42 U.S.C. § 12182(a) & (b). Defendant is a public accommodation within the meaning of Title III of the ADA. See 42 U.S.C. § 12181(7)(J).[2] Because there is no evidence concerning Norris's alleged disability, summary judgment was appropriate. See Anderson, 477 U.S. at 256; Celotex, 477 U.S. at 322; Reynolds, 84 F.3d at 1166; Bagdadi, 84 F.3d at 1197.
 
 
 6
 To succeed on his Title VI claim Norris would need to prove that (1) defendant is engaging in racial discrimination, and (2) defendant receives federal financial assistance. See Fobbs v. Holy Cross Health Sys. Corp., 29 F.3d 1439, 1447 (9th Cir.1994). Once again, summary judgment was appropriate because Norris provided no evidence of race discrimination. See Anderson, 477 U.S. at 256; Celotex, 477 U.S. at 322; Reynolds, 84 F.3d at 1166; Bagdadi, 84 F.3d at 1197; Fobbs, 29 F.3d at 1447.
 
 
 7
 Norris also contends that the district court should have allowed him to conduct further discovery before ruling on defendants' summary judgment motion. We disagree. When a district court enters summary judgment without ruling on a pending motion for discovery, "[b]ecause the district court did not exercise its discretion, the issue of whether or not it should have presents a legal question which is subject to de novo review." Garrett v. City & County of San Francisco, 818 F.2d 1515, 1518 n. 3 (9th Cir.1987). Because Norris cannot state a claim for relief, the district court did not err by denying the discovery motion. See Wood v. McEwen, 644 F.2d 797, 801 (9th Cir.1981) (per curiam) (holding that a discovery motion is properly denied if district court is convinced that plaintiff will be unable to state a claim for relief).
 
 
 8
 Norris also attempts to argue in his reply brief that defendant conspired to retaliate against him by giving him lower grades because of the instant litigation. However, this court "will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief." See Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1176 (9th Cir.1996). Accordingly, this argument is not addressed here.
 
 
 9
 Defendant has requested attorney fees, "including double or triple fees as damages, ... under Fed.R.App.P. 38 and 19 [sic] U.S.C. § 1912." Awards of fees and costs may be made when an appeal's result is obvious or the arguments of error are wholly without merit. See Smith v. Ricks, 31 F.3d 1478, 1489 (9th Cir.1994); see also Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 620 (9th Cir.1987) (noting that it is legal error to not take into account a litigant's pro se status). Although Norris's arguments are clearly without merit, we decline to award fees and damages.
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Norris's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court referred to "Equal Access to Higher Education," and "Title VI," and cited 42 U.S.C. § 2000c. We assume it meant Title VI of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000d. Both parties also cited the wrong section, although it is clear they were invoking Title VI, at 42 U.S.C. § 2000d, which concerns access to higher education. Title IV, at 42 U.S.C. § 2000c, concerns desegregation in public schools
 
 
 [2]
 Defendant and the district court mistakenly rely on out-of-circuit law which no longer supports the theory that Title III of the ADA is limited to ensuring physical access for the disabled. See Pappas v. Bethesda Hospital Assn., 861 F.Supp. 616, 620 (S.D. Ohio 1994), abrogated by Parker v. Metropolitan Life Ins. Co., 99 F.3d 181, 189 (6th Cir.1996). We note that appellee, in its appellate brief, relies on Pappas three months after the Sixth Circuit's decision
 
 
 [3]
 We construe Norris' March 16, 1997, reply "citing recent authority related to the instant case" as a motion to supplement the record. We decline to do so