134 F.3d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, a
Pennsylvania corporation,
Plaintiff-counter-defendant-Appellee,
v.
Chester S. GARBER; Emilia Ting GARBER,
Defendants-counter-claimants-Third-party-
plaintiffs-Appellants,
and
Betty Ting, Defendant,
v.
AMERICAN INTERNATIONAL GROUP, INC., James Haber, Frank
Mahon, D'Amato & Lunch, Sedgwick, Detert, Moran &
Arnold, Third-party-defendants-Appellees,
and
Irving V. Goldstein, Ron Finerty, Herman Finesod, Friedman &
Shafton, Trager Glass & Co., Robert T. Killen,
Norman Schwartz, Third-party-defendants.
 No. 95-17334.
 United States Court of Appeals, Ninth Circuit.
 Submitted January 12, 1998**
Jan. 16, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Chapter 7 debtors Chester and Emilia Garber appeal pro se the district court's dismissal of the Garbers' counterclaim and third party complaint in National Union Fire Insurance Company's ("National") action under the Uniform Fraudulent Transfer Act, Cal. Civil Code § 3349. National alleged that the Garbers transferred their assets to Emilia Garber's sister in order to prevent the enforcement of a previous judgment National had obtained against the Garbers. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 First, the district court did not abuse its discretion by withdrawing the reference to the bankruptcy court because non-core issues predominated. See Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1008-09 (9th Cir.1997). Second, the district court did not violate the automatic stay provision by ruling on the motions to dismiss because the counterclaim and third party complaint were actions brought by the debtor, and thus not subject to the automatic stay. See Parker v. Bain, 68 F.3d 1131, 1137-38 (9th Cir.1995). Third, the district court did not err by dismissing the Garbers' counterclaim against National and the claims against the third party defendants because the putative claims arose out of the same transaction or occurrence from National's first action against the Garbers and were thus compulsory counterclaims that the Garbers should have raised in that action. See Hydranautics v. FilmTec Corp., 70 F.3d 533, 536 (9th Cir.1995). Finally, the district court did not err by dismissing the Garbers' counterclaim for a declaratory judgment alleging that National's prior judgment against them was obtained by fraud because the Garbers submitted no evidence of fraud. See Wood v. McEwen, 644 F.2d 797, 801 (9th Cir.1981) (per curiam).
 
 
 4
 We have considered the Garbers' additional contentions and conclude that they lack merit.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3