Susan G. DIAMONDSTONE,
Plaintiff—Appellant,

v.

Robert W. WOOD, M.D., Director, AIDS Prevention Program, Seattle–King County Dept. of Public Health and Associate Professor of Medicine at the

University of Washington School of Medicine, in his individual and official capacities; et al., Defendants—Appellees.

No. 01–35977.

D.C. No. CV–01–01182–MJP.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 12, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

### MEMORANDUM**

Susan G. Diamondstone, an attorney appearing on her own behalf, appeals the district court's summary judgment orders dismissing her federal civil rights and state law claims against various medical personnel. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir.2000) (statute of limitations); *Kohler v. Inter–Tel Techs.*, 244 F.3d 1167, 1171 (9th Cir.2001) (summary judgment). We affirm.

To the extent Diamondstone alleged defendants violated her civil rights or committed torts against her in 1987 and 1988 by artificially inseminating her, trying to force her into a dilation and curettage procedure, and then questioning her mental health, the district court properly granted summary judgment because Diamondstone's claims were not filed until 2001 and are therefore time barred. *See* Wash. Rev.Code §§ 4.16.350 (2002) (statute of limitations for injuries resulting from health care is three years from treatment or one year from discovery), 4.16.080(2) (statute of limitations for discrimination is three years from discriminatory action), 4.16.100(1) (statute of limitations for defamation claim is two years); *Doe v. Finch*, 133 Wash.2d 96, 942 P.2d 359, 361 (1997) (noting that the statute of limitations for the tort of "outrage" is either two or three years); *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir.1991) (holding statute of limitations for federal civil rights claim in Washington state is three years from the date on which the plaintiff knows or has reason to know of the injury that is the basis of the action).

The district court properly denied Diamondstone's motion to compel attendance at depositions, because further discovery on time-barred claims would have been futile. *See Zimmerman v. Bishop Estate*, 25 F.3d 784, 789 (9th Cir.1994), *superseded on other grounds by rules stated in Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir.1998).

The district court properly denied Diamondstone's motion for a continuance because Diamondstone did not show that her inability to conduct additional discovery resulted in actual and substantial prej-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Circuit Rule 36–3.

udice. *See Martel v. County of Los Angeles,* 56 F.3d 993, 995 & n. 3 (9th Cir.1995).

The district court did not abuse its discretion by limiting the scope of and remaining time for Dr. Wood's deposition. *See Wood v. McEwen,* 644 F.2d 797, 801–02 (9th Cir.1981).

The district court properly granted summary judgment for Dr. Wood and Seattle–King County Department of Public Health, because Diamondstone's own conclusory testimony failed to establish a triable issue of material fact. *See FTC v. Publishing Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir.1997).

Diamondstone's remaining contentions are unpersuasive.

**AFFIRMED.**