**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: ROBERT LEE HAYES, Debtor. | No. 10-35873 |
| | D.C. No. 3:10-cv-05116-BHS |
| ROBERT LEE HAYES, Appellant, v. ALLAN KANOUFF; RAEANN NELSON, Appellees. | MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Robert Lee Hayes appeals pro se from the district court's judgment

affirming the bankruptcy court's summary judgment determining that sanctions

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

previously imposed by the Washington state court were nondischargeable. We have jurisdiction under 28 U.S.C. § 158(d). We review decisions of the bankruptcy court independently without deference to the district court's determinations. *Leichty v. Neary, (In re Strand)*, 375 F.3d 854, 857 (9th Cir. 2004). We affirm.

The bankruptcy court properly concluded that the sanctions imposed by the Washington state court constituted nondischargeable debt under 11 U.S.C. § 523(a)(6), given the state court findings that Hayes's actions were willful and malicious. *See Papadakis v. Zelis (In re Zelis)*, 66 F.3d 205, 209 (9th Cir. 1995) (giving preclusive effect to state court findings to satisfy the elements of nondischargeability).

The bankruptcy court did not abuse its discretion in taking judicial notice of the sanctions orders. *See* Fed. R. Evid. 201(b)(2); *see also United States v. Daychild*, 357 F.3d 1082, 1099 n.26 (9th Cir. 2004). Further, the bankruptcy court did not abuse its discretion by staying discovery pending the outcome of the parties' dispositive motions. *See* Fed. R. Civ. P. 26(c); *Wood v. McEwen*, 644 F.2d 797, 801-02 (9th Cir. 1981) (trial court may stay discovery for good cause).

Hayes's remaining contentions are unpersuasive.

**AFFIRMED.**