**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD MARENTES TORRES, | No. 11-18054 |
| Plaintiff - Appellant, | D. C. No. 3:09-cv-05929-CRB |
| v. | |
| M. CATE, et al., | MEMORANDUM[*] |
| Defendants - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Richard Marentes Torres, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due

process violations arising from his gang validation and continued confinement in

administrative segregation. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6), *Watson v. Weeks*, 436 F.3d 1152, 1157 (9th Cir. 2006), and we affirm.

The district court properly dismissed Torres' due process claims relating to his initial validation and placement in administrative segregation because these claims are barred by the doctrines of res judicata and collateral estoppel. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1035-36 (9th Cir. 1990) (plaintiff is precluded from litigating § 1983 due process claims based upon the same primary rights as those previously adjudicated in a California state court action).

The district court properly dismissed Torres' due process claims relating to his continued confinement in administrative segregation because Torres' Third Amended Complaint demonstrates that the periodic reviews of his segregation were sufficient for due process. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1101 (9th Cir. 1986) (while periodic review of inmate's segregated confinement is necessary, prison officials are not required to allow additional evidence or statements), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

The district court did not abuse its discretion in denying Torres' motions for appointment of counsel and in staying discovery pending resolution of defendants' motions to dismiss Torres' amended complaints. *See Terrell v. Brewer*, 935 F.2d

1015, 1017 (9th Cir. 1991) (requiring "exceptional circumstances" for appointment of counsel and reviewing decision for abuse of discretion); *Wood v. McEwen*, 644 F.2d 797, 801-02 (9th Cir. 1981) (per curiam) (no abuse of discretion where district court stayed discovery to determine whether plaintiff could state a claim and plaintiff did not allege any prejudice from the stay).

**AFFIRMED.**