**NOT FOR PUBLICATION**

# FILED



## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM X. NIETZCHE, solely as trustee for KRME International Trust; JULIE A. METCALF KINNEY; WILLIAM KINNEY, Jr., | No. 19-35876 |
| | D.C. No. 3:18-cv-01930-SI |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM[*] |
| FREEDOM HOME MORTGAGE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BENEFICIAL OREGON, INC.; HSBC HOLDINGS, PLC; REGIONAL TRUSTEE SERVICES CORPORATION; MTGLQ INVESTORS, LP; RUSHMORE LOAN MANAGEMENT SERVICES, LLC; U.S. BANK, N.A.; CLEAR RECON CORPORATION; BARRISTERS SUPPORT SERVICES; URBAN HOUSING DEVELOPMENT, LLC; FREEDOM MORTGAGE CORPORATION; HSBC FINANCE CORPORATION; HSBC HOME EQUITY LOAN CORPORATION; BENEFICIAL FINANCIAL; GOLDMAN SACHS GROUP INC., As owner of | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

MTGLQ; U.S. BANK TRUST, N.A., As trustee for securitized trust HSBC Trust HSBC Home Equity Loan Trust 2005-1 Trust; UHD HOLDINGS; RAIN CITY CAPITAL OF OREGON, LLC; ROMAN OZERUGA, In both personal and professional capacities; MARK K. PASSANANTE, In both personal and professional capacities; TERRANCE J. SLOMINSKI, In both personal and professional capacities; UNITED STATES CORPORATION COMPANY; STATE OF OREGON CORPORATION; DOES, 1 through 100 inclusive,

Defendants-Appellees.

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted March 17, 2023[**]

Before: WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges

Plaintiffs appeal from the district court's dismissal of their action arising out of a nonjudicial foreclosure of real property in Portland, Oregon. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the dismissal de novo and

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

denial of leave to amend for an abuse of discretion. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040-41 (9th Cir. 2011). We affirm.

The district court properly interpreted the documents attached to the complaint and refused to accept speculative, conclusory allegations. *See Daniels-Hall v. Nat'l Educ. Ass'n.*, 629 F.3d 992, 998 (9th Cir. 2010) (holding that the court is not "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). In any event, plaintiffs' arguments regarding MERS[1] have been rejected by the Oregon Supreme Court. *See Brandrup v. ReconTrust Co., N.A.*, 303 P.3d 301, 318 (Or. 2013) (en banc) (holding that Oregon Revised Statutes § 86.735(1) "does not require recordation of 'assignments' of the trust deed by operation of law that result from the transfer of the secured obligation").

The district court did not abuse its discretion by dismissing without leave to amend. The district court has "particularly broad" discretion to deny leave to amend when a plaintiff has previously amended. *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (internal quotation marks omitted). Moreover, amendment would have been futile because plaintiffs' claims fail as a matter of

---

[1]MERS refers to Mortgage Electronic Registration Systems, Incorporated.

law. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (holding that "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend"). Plaintiffs have not offered specific facts that would state any claim against any specific defendant.

The district court did not abuse its discretion by staying discovery and the filing of motions until it ruled on the pending motions to dismiss. *See Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (holding that the district has "broad discretion to manage discovery and to control the course of litigation") (internal quotation marks omitted); *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (holding that the district court may stay discovery if there is a question about whether the plaintiff can state a claim for relief).

There is no evidence of bias in this case. Bias arises "from an extrajudicial source and not from conduct or rulings made during the course of the proceedings." *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (internal quotation marks omitted). Plaintiffs' attempt to add the judge to the complaint because they disagreed with court rulings did not require automatic recusal. *See United States v. Holland*, 519 F.3d 909, 915 (9th Cir. 2008) (holding that recusal is not automatic merely because a party threatens a judge).

We decline to consider both the arguments and claims waived by plaintiffs in their opening brief and the issues raised for the first time on appeal. *See Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1213 (9th Cir. 2017) (holding that matters "not specifically and distinctly raised and argued" in the opening brief have been waived) (internal quotation marks omitted); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (holding that we generally do not consider issues presented for the first time on appeal).

Plaintiffs' motion to certify questions to the Oregon Supreme Court (Dkt. Entry No. 83) is DENIED.

**AFFIRMED.**