**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 13 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAN CHARLES BIRO, M.D., M.D. PhD., | No. 23-55132 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-06835-JGB-MAA |
| v. | |
| G. R. KEYES, M.D.; C. PHILLIPS, personal capacity, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted January 10, 2025**

Before: WALLACE, O'SCANNLAIN, SILVERMAN, Circuit Judges.

Plaintiff-Appellant Jan C. Biro ("Biro") appeals pro se from the district

court's dismissal of his Second Amended Complaint ("SAC") with prejudice and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

without leave to amend. Biro also contests the district court's order affirming the magistrate judge's discovery order denying Biro's request for expedited discovery, and the district court's order denying Biro's motion to recuse the magistrate judge from this action.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

As the parties are familiar with the factual and procedural history of this case, we need not recount it here.

1.      *Dismissal Under FRCP 12(b)(6): Plausibility Standard.* As a preliminary matter, Biro contends that the district court applied a pleading standard that was impossible to meet without conducting discovery and that such a standard does not apply to constitutional claims. To the contrary, the district court properly applied the plausibility standard established by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, it is well established that the plausibility standard applies to claims of constitutional violations. *See, e.g.*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 911–39 (9th Cir. 2012).

2.      *Dismissal Under FRCP 12(b)(6): 42 U.S.C. 1985 Claim.* Applying the plausibility standard, the district court correctly found that Biro failed to state a

---

[1] There are several determinations that Biro does not appear to contest or raises only on reply. The court declines to address these issues. *See Christian Legal Soc. Chapter of Univ. of California v. Wu*, 626 F.3d 483, 487 (9th Cir. 2010).

42 U.S.C. § 1985 claim against Defendant-Appellee Geoffrey Keyes, M.D. ("Keyes") for conspiracy to violate his civil rights because Biro asserted only conclusory allegations that Keyes and Defendant-Appellee Carolyn Phillips[2] ("Phillips") "conspired" together because they are both Jewish and appear to have similar interests. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("A claim under [Section 1985] must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient.").

3.      *Dismissal Under FRCP 12(b)(6): Litigation Privilege.* The district court determined that California's litigation privilege defeated Biro's state law claims against Keyes to the extent they were based on Keyes (1) pressing criminal charges against Biro; (2) providing statements to Phillips regarding the criminal charges; (3) providing testimony in court; and (4) requesting involuntary psychotherapy and imprisonment of Biro during sentencing. We agree that Keyes's statements are privileged and therefore do not subject Keyes to liability because they were made in, or in furtherance of, a "judicial proceeding." *See* Cal Civ. Code § 47(b) ("A privileged publication . . . is one made [in any] judicial proceeding . . . ."); *Graham-Sult v. Clainos*, 756 F.3d 724, 742 (9th Cir. 2014),

---

[2] We grant Phillips's requests for judicial notice of three state court minute orders because such materials are properly subject to judicial notice. *See United States v. Raygoza-Garcia*, 902 F.3d 994, 1001–02 (9th Cir. 2018).

3

citing *Chang v. Lederman*, 172 Cal. App. 4th 67, 87 (2009) ("This privilege extends to statements made outside of judicial proceedings" when such statements are made in furtherance of the relevant proceedings).

4. *Dismissal Under FRCP 12(b)(6): Prosecutorial Immunity.* Biro contends that Phillips is liable for presenting perjured testimony, using false evidence, and withholding exculpatory evidence during Biro's prosecution, and that the district court erred in finding that Phillips is absolutely immune from his claims. Regardless of whether Biro's allegations are true, Phillips is entitled to absolute immunity because her contested actions are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 427, 430 (1976); *see also Broam v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003), citing *Imbler*, 424 U.S. at 431–32 n.34 (holding that a prosecutor is absolutely immune from liability for "the knowing use of false testimony at trial" and the "decision not to preserve or turn over exculpatory material before trial, during trial, or after conviction [in] violation of due process under *Brady v. Maryland*.").

5. *Dismissal Without Leave to Amend.* A district court's discretion to deny leave to amend is "particularly broad" when, as here, the plaintiff has already had a chance to amend. *Est. of Strickland*, 69 F.4th at 623. Even though, at the 12(b)(6) stage, the panel takes Biro's well-pleaded factual allegations as true and construes them in his favor, *see Hyde v. City of Willcox*, 23 F.4th 863, 869 (9th Cir.

4

2022), Biro nonetheless failed to state claims against Phillips and Keyes after twice amending his complaint. Consequently, the district court did not err in dismissing the SAC without leave to amend since amendment would be futile.

6. *Affirming Discovery Order.* Biro argues that the district court erred in denying his motion for reconsideration of the magistrate judge's discovery order effectively staying discovery pending the resolution of Defendant-Appellees' motions to dismiss the SAC. We have repeatedly held that it is appropriate for a lower court to "stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam); *see also Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 17, 2002) (holding that the district court did not err in barring the plaintiff from conducting additional discovery pending resolution of the defendant's motion to dismiss). Considering the prior dismissal of Biro's claims and the pending motions to dismiss the SAC, the district court did not clearly err by declining Biro's request to conduct discovery.

7. *Declining to Recuse the Magistrate Judge.* The district court properly declined to recuse the magistrate judge because Biro asserted that Judge Audero was biased solely because she repeatedly denied his motions, and "judicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Liteky v.*

5

*United States*, 510 U.S. 540, 554–56 (1994). Indeed, Biro did not show that Judge Audero's orders "display a deep-seated favoritism or antagonism that would make fair judgment impossible," *id.*, and therefore she is not subject to recusal.

**AFFIRMED.**