549 F.2d 1338
 Martin L. COLVIN, dba Martin L. Colvin Contractor, an
Arizona Corporation, and Callie Colvin, his wife,
and the Aetna Casualty & Surety Co., a
Connecticut Corporation, Appellants,
v.
The UNITED STATES of America, for the Use and Benefit of
MAGINI LEASING AND CONTRACTING, an Arizona
Corporation, Appellee.
 No. 76-1592.
 United States Court of Appeals,
Ninth Circuit.
 March 15, 1977.
 
 Michael J. LaVelle, argued, Edward C. Voss, III, Murphy, Posner & Froimson, Phoenix, Ariz., for appellants.
 Joseph E. McGarry, argued, Edward M. Lewis, Lewis & Roca, Phoenix, Ariz., for appellee.
 Appeal from the United States District Court For the District of Arizona.
 Before BARNES and ELY, Circuit Judges, and KUNZIG, Judge.*
 OPINION
 KUNZIG, Judge:
 
 
 1
 This Miller Act (40 U.S.C. § 270b (1970) ) case, on appeal from the United States District Court for the District of Arizona, presents issues of admissability of evidence and contract interpretation. After considering the briefs of the parties, reviewing the record, and hearing oral argument, we affirm the decision below for appellee-Magini Leasing and Contracting Corp. (Magini) as modified by this opinion.
 
 
 2
 Appellant Colvin and his Miller Act surety, Aetna Casualty & Surety Co. (Colvin), appeal from judgment entered against them for $144,119 plus certain interest. After a bench trial, District Judge George H. Boldt[1] held this sum properly due Magini on a subcontract to complete the "dirt work" phase of a contract awarded to Colvin to build a road on the Navajo Indian Reservation in Arizona.
 
 
 3
 The subcontract was entered into in September 1971, and completed in July 1972. For work performed, Magini submitted invoices totalling $402,619.66. Colvin paid $258,500. On May 16, 1973, Magini filed suit to recover the difference ($144,119.66), plus pre-judgment interest. Colvin counter-claimed for $46,120.89 as overpayment, alleging Magini delayed completion due to unworkmanlike performance.
 
 
 4
 On January 23, 1976, judgment was entered granting Magini's claim and denying Colvin's counter-claim. Refusing Colvin's offer to prove otherwise, the judge found, based upon a letter from Colvin to Magini, the agreement to be a "time and materials" contract. In addition, the judge found Colvin obligated to pay (1) labor costs plus 20% of the labor costs for overhead and (2) all direct costs plus 10% of costs for profit. Included in this 10% profit was 10% of all rental expenses charged by Magini for the use of his own equipment.
 
 
 5
 Colvin appeals on alternative grounds. Initially he argues that the exclusion of certain evidence prevented him from proving his case and, as a result of this allegedly improper exclusion, the case should be returned for another trial in which the evidence is admitted. Alternatively, Colvin contends that, even if the district judge properly found for Magini on the issue of liability, certain parts of the judgment were incorrect and the total amount of the judgment should be reduced. Colvin does not appeal the denial of his counter-claim. Magini, of course, seeks to refute each position taken by the appellant, Colvin.
 
 Excluded Evidence
 
 6
 Colvin argues that the exclusion of evidence (offered to show that the time and materials agreement was a sham) prevented him from explaining Magini's supposedly overlong and expensive performance and Colvin's acceptance of Magini's invoices. Magini counters that Colvin's evidence, not offered until nearly a year after the pretrial order was signed, after extensive discovery, and just a few weeks before trial, was properly excluded both by Judge Craig (who presided at pretrial) and Judge Boldt (who presided at trial).
 
 
 7
 On this point, we agree with Magini: the evidence was properly excluded. First, Judge Craig's denial of Colvin's motion to amend the pretrial order was within the district judge's broad range of discretion. Colvin's sham theory was not raised until nearly a year after the pretrial order was entered on November 18, 1974 just two weeks before the scheduled trial date even though the evidence was apparently within Colvin's knowledge from 1971. In view of these facts, we cannot say that the district judge abused his discretion. Komie v. Buehler Corp., 449 F.2d 644 (9th Cir. 1971).
 
 
 8
 Second, Judge Boldt acted within the scope of his authority when he excluded Colvin's evidence at trial. Unless modified to "prevent manifest injustice," the pretrial order controls. Fed.R.Civ.P. 16. Any injustice resulting from exclusion (putting aside issues of surprise or inconvenience to Magini stemming from admission) comes from Colvin's own failure properly to present his case during the year and six months prior to entry of the pretrial order. In short, he was too late.
 
 
 9
 Further, Judge Boldt, at this bench trial, listened to three offers of proof by Colvin, read Colvin's deposition, and heard argument of counsel with regard to the admission of this evidence. Noting that Colvin had previously sworn under oath two or three times that he found no fault with Magini's billings or work, Judge Boldt concluded that Colvin's testimony was "almost totally incredible and unacceptable." So in view of Judge Boldt's statement concerning Colvin's veracity, even if the district judge had not held the evidence outside the scope of the pretrial order, admission of the evidence would clearly have had little impact on the outcome of the case.
 
 
 10
 The case on which Colvin relies, Globe Indemnity Co. v. Capitol Ins. & Sur. Co., 352 F.2d 236 (9th Cir. 1965), is not to the contrary. That case involved the admission of a document, not, as in the instant case, testimony of one found to be an unbelievable witness. It is, thereby, easily distinguished.
 
 
 11
 Having decided that Colvin's evidence was properly excluded (and thereby that Magini should recover under the time and materials contract), we now turn to an examination of Colvin's further contentions that various parts of the award to Magini were erroneous.
 
 Profit on Rental Rates
 
 12
 In his alternative argument, Colvin first challenges Judge Boldt's award of 10% profit on rental charges billed by plaintiff for the use of its equipment. We agree with Colvin. The award of profit on rental rates was improper. The law with regard to this question is that rental rates are assumed to include a fair profit unless there is a finding that the rental rates charged were less than normal or customary. Central Steel Erection Co. v. Will, 304 F.2d 548, 555 (9th Cir. 1962). In the instant case, the district judge found that the rates billed to Colvin were "reasonable." Yet he also found Colvin obligated to pay profit on rental rates charged by Magini. These two findings are inconsistent and one must fall as clearly erroneous. Felder v. United States, 543 F.2d 657, 675 (9th Cir. 1976); Fed.R.Civ.P. 52(a). Since the law is clear that profit is allowed on rental rates only upon a specific finding that the rates were less than normal, Central Steel, supra, and the judge in the instant case found the contrary to be the fact, we hold that the finding permitting the profit is clearly erroneous. Upon remand, the District Court will modify the judgment by reducing it so as to eliminate the profit on rental rates charged by Magini.
 
 Prejudgment Interest
 
 13
 Colvin next contends that the award of prejudgment interest from the date of his final payment on the invoices submitted by Magini (January 12, 1973) was error. Arizona law, however, supports the award. The instant case is within the rule of Homes & Son Constr. Co., Inc. v. Bolo Corp., 22 Ariz.App. 303, 526 P.2d 1258 (1974). The court in Homes awarded prejudgment interest when a contractor had supplied sufficient information and supporting data to allow the debtor to ascertain the amount he owed.
 
 
 14
 In the case now before the court, Colvin did not object to specific charges presented on any of Magini's invoices. In fact, he paid over two-thirds of the amount as presented, illustrating that Magini clearly supplied sufficient data to allow Colvin, the debtor, to ascertain the amount owed to Magini. Under Homes, Magini is due prejudgment interest.
 
 Overhead on Labor Costs
 
 15
 Colvin's final argument is that the district court incorrectly concluded that the time and materials contract obligated Colvin to pay 20% for overhead on labor costs. Arizona law supports Colvin's position. Lenslite Co. v. Zocher, 95 Ariz. 208, 388 P.2d 421 (1964), points out that a time and materials contract is more restrictive than a cost plus contract and does not include overhead charges. However, the district judge found as fact both that the agreement was a time and materials one and that Colvin was obligated to pay 20% for overhead on labor costs.
 
 
 16
 Again we are confronted with inconsistent findings of fact. In this instance, if both are accepted as correct we are left with an erroneous result under Arizona law. Lenslite Co. v. Zocher, supra. In determining which finding is the "inconsistent one," and therefore clearly erroneous, Felder v. United States, supra; Fed.R.Civ.P. 52(a), we place primary reliance on the letter agreement of the parties as defining the terms of the contract. This letter stated that Magini was to be paid on a time and materials basis. It made no mention of an additional agreement for Colvin to pay 20% of labor costs for overhead. Absent a specific agreement as to overhead, we think that the letter contract and Arizona law controls; Judge Boldt erred in awarding Magini 20% for overhead on labor charges. Upon remand, the District Court will modify the judgment by reducing the same so as to eliminate such amount of the allowed recovery as was equal to 20% overhead costs on labor charges.
 
 
 17
 In summary, the district court properly determined that Magini was owed monies under the contract with Colvin. However, the court improperly concluded that Magini should be paid profit on rental rates and overhead on labor costs. The decision of the district court is, thereby, reversed in part, affirmed in part, and the case is remanded for proceedings not inconsistent with this opinion.
 
 
 18
 REVERSED IN PART, AFFIRMED IN PART, REMANDED WITH DIRECTIONS; COSTS TO BE FIXED BY THE DISTRICT COURT.
 
 
 
 *
 Honorable Robert L. Kunzig, Judge, United States Court of Claims, sitting by designation
 
 
 [1]
 Senior United States District Judge, Western District of Washington, sat by designation on the case