**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSH THOMAS,

           Plaintiff - Appellant,

  v.

D L STEPHENS; CAETANA;
CORRECTIONAL OFFICER; TURNER,

           Defendants - Appellees.

No. 07-17205

D.C. No. CV-00-05817-LJO

MEMORANDUM [*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted February 16, 2010 [**]
San Francisco, California

Before: HUG, BEEZER and HALL, Circuit Judges.

    Prisoner Josh Thomas appeals pro se from the district court's judgment in

favor of the defendants following a trial by jury on his Eighth Amendment

deliberate indifference to medical needs claim. The district court also granted

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

summary judgment in favor of the defendants on Thomas's First Amendment, Fourteenth Amendment and Americans with Disabilities Act ("ADA") claims.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

We review a jury's verdict for substantial evidence.  Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2000).  We review a district court's grant of summary judgment de novo.  Long Beach Area Chamber of Commerce v. City of Long Beach, 603 F.3d 684, 689 (9th Cir. 2010).  We review a district court's management of trial proceedings, including evidentiary rulings, for abuse of discretion.  See Price v. Kramer, 200 F.3d 1237, 1251-52 (9th Cir. 2000).

The facts of this case are known to the parties.  We do not repeat them.

First, Thomas presents no evidence and makes no argument that would allow us to conclude that the jury's verdict is improper or unsupported by substantial evidence.  See Pavao, 307 F.3d at 918.

Second, Thomas has not presented facts or argument that would allow us to conclude that he is disabled within the meaning of the ADA, see Rohr v. Salt River Project Agric. Improvement and Power Dist., 555 F.3d 850, 858 (9th Cir. 2009), that the confiscation of his reading material was not rationally related to the legitimate, and compelling, government interest of maintaining safety in the prison, Harper v. Wallingford, 877 F.2d 728, 733 (9th Cir. 1989), or that the defendants

2

may be held vicariously liable under respondeat superior theory for the destruction of his Polaroid photographs.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979).

Third, Thomas does not present any "exceptional circumstances" warranting the appointment of counsel.  Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980).  Nor does he dispute that he failed to disclose any exhibits before trial, precluding him from submitting them as evidence at trial.  Colvin v. United States, 549 F.2d 1338, 1340 (9th Cir. 1977).

Thomas's remaining contentions lack merit.

**AFFIRMED.**