NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 2 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEF HAGHNAZARZADEH;<br>CATHERINE Y. HAGHNAZARZADEH,<br><br>             Petitioners-Appellants,<br><br>  v.<br><br>COMMISSIONER OF INTERNAL<br>REVENUE,<br><br>             Respondent-Appellee. | No.   21-71390<br><br>Tax Ct. No.  27031-17<br><br>MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Argued and Submitted November 18, 2022
Pasadena, California

Before: WARDLAW and W. FLETCHER, Circuit Judges, and KENNELLY,[**]
District Judge.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

Josef and Catherine Haghnazarzadeh appeal the decision of the United States Tax Court sustaining the Internal Revenue Service's (IRS's) tax deficiency calculations, excluding their accountant's testimony at trial, and denying their motion for reconsideration. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We affirm.

1. Sustaining the IRS's Deficiency Determination

We review the Tax Court's factual determinations—such as those contained in its post-trial findings sustaining the Commissioner's deficiency determinations—for clear error. *SNJ Ltd. v. Comm'r*, 28 F.4th 936, 941 (9th Cir. 2022) (quotation marks omitted).

When the taxpayer's records are inadequate, the Commissioner of Internal Revenue can "substantiate the charge of unreported income . . . by showing [the taxpayer's] . . . bank deposits." *Weimerskirch v. Comm'r*, 596 F.2d 358, 362 (9th Cir. 1979). The taxpayer then bears the burden of proving that the IRS's determination of underreported income is incorrect. *Gardner v. Comm'r*, 845 F.3d 971, 974 (9th Cir. 2017). The Tax Court did not clearly err in finding that the Haghnazarzadehs failed to rebut this presumption with respect to the $327,000, $710,000, and $335,000 deposits.

Regarding the $327,000 and the $710,000 deposits, the Commissioner conceded that both are nontaxable and treated the deposits accordingly in its

analysis. The Haghnazarzadehs' insistence that these amounts were not ultimately subtracted from their taxable income in the Commissioner's Rule 155 computation lacks support from the record. *See* Rules of Practice of the United States Tax Court. From the Haghnazarzadehs' total gross deposits, the IRS subtracted $852,000 in transfers, which included the $710,000 and $939,994 in non-taxable deposits, which included the $327,000.

Regarding the $335,000 deposit, the record does not substantiate the Haghnazarzadehs' claim that the funds originated from one of Mr. Haghnazarzadeh's other accounts and had already been taxed accordingly. The Tax Court may disregard testimony if it is "uncorroborated by documentary evidence or the testimony of disinterested persons." *Factor v. Comm'r*, 281 F.2 100, 111 (9th Cir. 1960). The Haghnazarzadehs did not present any other evidence to rebut the presumption that this deposit is evidence of income.

It is true, as the Haghnazarzadehs note, that a taxpayer should be taxed only on her gains from the sale of the property, defined as "excess amount realized" from the property "over the adjusted basis." 26 U.S.C. § 1001(a). But the taxpayer bears the burden of proving her cost basis. *O'Neill v. Comm'r*, 271 F.2d 44, 50 (9th Cir. 1959). Regarding the $1,556,000 deposit from the sale of real property and the $1,339,000 deposit from the sale of a promissory note, the Haghnazarzadehs failed

3

to present evidence of their cost basis at trial. The Tax Court therefore did not clearly err in treating these two deposits as taxable.

In sum, the Tax Court did not commit clear error in sustaining the Commissioner's deficiency determination.

2. Excluding Boodaie's Testimony

"The Tax Court's decision to exclude evidence is reviewed for an abuse of discretion." *Kalgaard v. Comm'r*, 764 F.2d 1322, 1323 (9th Cir. 1985). To reverse based on an evidentiary ruling, we must also conclude that the Tax Court's error was prejudicial. *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir. 2003).

The Tax Court did not abuse its discretion in excluding the Haghnazarzadehs' accountant, Joseph Boodaie, from testifying at trial. The Haghnazarzadehs failed to comply with the Tax Court's five pretrial orders requiring the parties to disclose their witnesses and their anticipated testimony in a pretrial memorandum. Nor did the Haghnazarzadehs provide sufficient proof that they were prejudiced by the ruling. Moreover, Tax Court Rule 24(g)(2)(A) prohibits a taxpayer's counsel from both representing the taxpayer at trial and serving as a necessary witness.

Pro se litigants, even if they are only pro se by circumstance, are still expected to abide by the rules of the court in which they litigate. *See e.g., Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986). Moreover, a court has broad discretion to exclude testimony from witnesses not listed in the pretrial witness list. *Price v.*

4

*Seydel*, 961 F.2d 1470, 1474 (9th Cir. 1992). The Haghnazarzadehs had ample opportunity to prepare for trial and were warned by the Tax Court's five pretrial orders that undisclosed witnesses could be barred from testifying. "Unless modified to 'prevent manifest injustice,' the pretrial order controls." *Colvin v. U.S. for Use & Benefit of Magini Leasing & Contracting*, 549 F.2d 1338, 1340 (9th Cir. 1977) (quoting Fed. R. Civ. P. 16(e)). Moreover, Mr. Haghnazarzadeh testified independently, but did not proffer any of Boodaie's anticipated testimony to demonstrate that it would have changed the result. As the Commissioner correctly points out, "[s]peculation about what [a witness] could have said is not enough to establish prejudice." *Grisby v. Blodgett*, 130 F.3d 365, 373 (9th Cir. 1997). In sum, the Tax Court did not abuse its discretion in excluding Boodaie's testimony as a witness.

3. Denying the Haghnazarzadehs' Motion for Reconsideration

Tax Court Rule 161 establishes the requirements for a motion for reconsideration of the Tax Court's opinion or findings of fact. "The granting of a motion for reconsideration rests with the discretion of the Court," which demands "a showing of unusual circumstances or substantial error." *Est. of Quick v. Comm'r*, 110 T.C. 440, 441 (1998). "The Tax Court's denial of a motion for reconsideration will not be overturned on appeal absent a clear abuse of discretion." *Parkinson v. Comm'r*, 647 F.2d 875, 876 (9th Cir. 1981).

The Tax Court did not abuse its discretion in denying the Haghnazarzadehs' motion for reconsideration because they failed to show substantial error or that there were any highly unusual circumstances. The motion was instead an improper attempt to admit previously existing evidence that the Haghnazarzadehs were unprepared to or had failed to submit at trial. The Haghnazarzadehs did not show any change in the law or newly discovered evidence. Even assuming it was reasonable for them to expect Boodaie to represent them at trial—which is questionable—Boodaie's alleged mishandling of their case does not rise to the level of gross negligence that might warrant reconsideration. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002). Neither their pro se status at trial, their alleged reliance on Boodaie, nor Boodaie's alleged mishandling of documents amount to substantial error that would warrant reconsideration of the Tax Court's decision at trial. As noted at oral argument, the couple had two years, five trial dates, four continuances, two stipulations of settled issues, one stipulation of settled facts, and 700 pages of exhibits to prepare their case and present evidence to rebut the IRS's assessment of their taxable income. The Tax Court therefore properly denied the Haghnazarzadehs' motion for reconsideration.

**AFFIRMED**.

6